MALCOLM S. ANDERSON, Appellant,

*v.*

WILLIAM B. ANDERSON, Administrator cum testamento annexo, Appellee.

419 S.W.2d 166.

(*Nashville*, December Term, 1966.)

Opinion filed September 1, 1967.

FRANK L. FLYNN, of counsel, FLYNN & FLYNN of Knoxville, for appellant.

DOYLE E. RICHARDSON, of counsel, HENRY, McCORD, FORRESTER & RICHARDSON, Tullahoma, for appellee.

Mr. Justice Dyer delivered the opinion of the Court.

Malcolm S. Anderson appeals from the order of the trial judge sustaining a demurrer and dismissing his petition to contest the will of his father on the issue of devisavit vel non.

On 24 February 1955 the testator executed his will before subscribing witnesses and died on 29 September 1965. Under the terms of the will testator made a division of his property between his wife and their two sons. Malcolm S. Anderson, one of the sons here contesting the will, was devised a 35 acre farm as his part of the division of the property. The title to this 35 acre farm was held by the testator and his wife as tenants by the entireties which, by operation of law, will result in defeating this devise to Malcolm S. Anderson.

This contest in predicated upon mistake as invalidating the will. The mistake alleged is, that the testator thought he owned this 35 acre farm in fee simple when in fact he did not, and such deprived the testator of the necessary testamentary capacity required for the execution of a valid will. The demurrer, sustained by the trial judge, alleges these facts are not sufficient in law to invalidate the will.

In *Bowerman v. Burris,* 138 Tenn. 220, 197 S.W. 490 (1917) it was alleged a will was invalid because it was made ''under a mistake and misapprehension of the facts: the same having been made at a time when the said David Bowerman (testator) believed that the de-

fendant P. L. Bowerman, was dead, and this mistake and misapprehension was such as renders the said paper writing void and of no effect as to this defendant.'' This court, after holding against admission of evidence on the fact alleged, made the following statement:

Moreover, if the evidence could be at all effective, under our system, two points would have to be established: Firstly, that the testator was laboring under a mistake as to the fact; and, secondly, that if the truth had been known he would have made a different disposition, *and we think these facts should appear in the will itself.* 138 Tenn. 223, 197 S.W. 491 (emphasis supplied)

The case at bar is controlled by the above statement from the *Bowerman* case. In the case at bar, even admitting the first requirement of the *Bowerman* case could be established from the will itself, yet this would not defeat the will as there is nothing in the will to indicate the testator would have made a different disposition of his property had he known the truth in regard to the title to the land devised contestant. The will devises specific property to specific persons and contains no language to indicate if there was a lapse of any devise, for any reason, the testator desired to make a different disposition of his property.

An excellent statement in point the case at bar is found in *Taylor v. McClintock,* 87 Ark. 243, 112 S.W. 405 (1908) wherein the Court stated as follows:

"In the exercise of reason, he (testator) may move upon false or insufficient evidence, or by mistake of law, and thus exclude from his bounty those who, but for his error, he would have recognized. Stupid error,

either in his reasoning or conclusion, is not lack of testamentary capacity." * * * There is a clear distinction between having the capacity to comprehend deserts and actually comprehending them. The former the law requires; the latter it does not. Jurors, in their desire to "even up" what may seem to them the gross inequities of a will, are apt to take the one for the other and treat them as convertible terms. Care, therefore, should be taken by the courts to see that the distinction mentioned is observed; for it is precisely the one that public policy dictates and the law requires in order to preserve the right and power of testamentary disposition. 112 S.W. 411

In the case at bar it is not claimed the testator lacked capacity to comprehend the true facts in regard to the title of the property devised contestant, but due to error or mistake he did not comprehend.

In final analysis the argument here is that, due to this mistake on the part of the testator, there will result an unequal or inequitable division of his estate among his children. Even if such be true it is not enough to invalidate the will. The reasons for such holding are aptly explained by Chief Justice Neil in the *Bowerman* case cited above.

We hold a mistake on the part of a testator as to the nature of the title testator holds in the property devised, nothing else appearing, is not sufficient in law to invalidate a will.

Our holding in this case may appear harsh but we think it is based on sound public policy. The reasons behind such holding is well stated in the case of *In Re Nole's Estate*, Sur., 49 N.Y.S.2d 225 wherein the court said:

If we were permitted some time after his (testator's) death to enter into a discussion as to how far he understood and appreciated the bearings of all the different parts of the will, we should upset half the wills in the country. 49 N.Y.S.2d 225

Judgment affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.